Gregory K. McGillivary
WOODLEY & McGILLIVARY, LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
gkm@wmlaborlaw.com

Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
Suite 2100
New York, NY 10019
Phone: (212) 765-2100
hpordy@spivaklipton.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Nicole Lawtone-Bowles,** <br> **Ramzan Alli,** <br> **Gib Brown,** <br> **Lance Predmore,** <br> **Charles Smith, and** <br> **Dennis Tobin,** <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF NEW YORK, NEW YORK** <br><br> Defendant. | Civil Action. No. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP and Spivak Lipton LLP, for their complaint against the City of New York ("New York City"), state as follows:

## PARTIES

1. Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in the attached Exhibit A. These written consent forms set forth each plaintiff's name and address. The plaintiffs bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on behalf of themselves and all others similarly situated because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

4. Plaintiffs are, and at all times material herein have been, employed by defendant in the position of Motor Vehicle Operator (MVO) by the New York City Department of Homeless Services (DHS). Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

5. Each of the plaintiffs in this action while employed by defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

6. At all times material herein, each plaintiff has worked for the City of New York's Department of Homeless Services in the position of MVO.

7. For example, at all times material herein, plaintiffs Nicole Lawtone-Bowles, Ramzan Alli, and Charles Smith have worked as MVOs at 151 E. 151st Street, Bronx, NY 10451. This address is DHS's Prevention Assistance and Temporary Housing (PATH) center. These plaintiffs bring this action on behalf of themselves and the other MVO plaintiffs who work or have worked for defendant at DHS at all times material herein.

8. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, NY, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, NY 10007.

9. Plaintiffs are MVOs, i.e. drivers, employed by DHS at the PATH location. Within the last three years and continuing to date, while working in the position of MVO on behalf of defendant, plaintiffs' job duties are to transport homeless individuals and families to temporary housing placements in all five boroughs, as well as various other duties and activities related to serving the citizens of New York City.

10. While working as MVOs, plaintiffs routinely work over 40 hours a week. MVOs are scheduled for 5 shifts of 8 hours and 30 minutes in length each week. 30 minutes each day is automatically deducted for uncompensated meal periods. Thus, plaintiffs are scheduled to perform a minimum of 40 hours of work per week. However,

they frequently work overtime on their scheduled work days and weekends and they frequently work through their unpaid meal periods.

11. MVO plaintiffs come into work before the official start time of their shifts and perform work for which they are not properly compensated. MVO plaintiffs also work through their 30 minute meal periods for which they are not compensated. MVO plaintiffs also are not properly compensated for time that they work after the end of their shifts.

12. For example, plaintiff Nicole Lawtone-Bowles routinely works over 40 hours in a workweek. When plaintiff Lawtone-Bowles works over 40 hours, defendant fails to properly compensate her for work occurring before the official time her shift began, after her shift ends, and during her meal periods. For example, during the week of February 2, 2014 to February 8, 2014, plaintiff Lawtone-Bowles worked a total of 45 hours, excluding her meal periods; 2 hours of this time was uncompensated. For example, during the week of December 27, 2015 to January 2, 2016, plaintiff Lawtone-Bowles worked a total of 44 hours, excluding her meal periods; 1 hour and 30 minutes of this time was uncompensated. During these weeks, plaintiff Lawtone-Bowles also performed work during her meal periods for which she received no compensation.

13. For example, plaintiff Ramzan Alli routinely works over 40 hours in a workweek. When plaintiff Ramzan works over 40 hours, defendant fails to properly compensate him for work occurring before the official time his shift began, after his shift ends, and during his meal periods. For example, during the week of May 3, 2015 to May 9, 2015, plaintiff Alli worked a total of 59 hours and 45 minutes, excluding his meal periods; 2 hours and 15 minutes of this time was uncompensated. For example,

4

during the week of June 7, 2015 to June 13, 2015, plaintiff Alli worked a total of 59 hours and 15 minutes; 8 hours and 45 minutes of this time was uncompensated. During these weeks, plaintiff Alli also performed work during his meal periods for which he received no compensation.

14. For example, plaintiff Charles Smith routinely works over 40 hours in a workweek. When plaintiff Smith works over 40 hours, defendant fails to properly compensate him for work occurring before the official time his shift began, after his shift ends, and during his meal periods. For example, during the week of March 13, 2016 to March 19, 2016, plaintiff Smith worked a total of 65 hours and 45 minutes; 1 hour and 45 minutes of this time was uncompensated. For example, during the week of April 10, 2016 to April 16, 2016, plaintiff Smith worked a total of 44 hours and 45 minutes, excluding his meal periods; 2 hours and 15 minutes of this time was uncompensated. During these weeks, plaintiff Smith also performed work during his meal periods for which he received no compensation.

15. The amounts of uncompensated work time that each MVO works before his or her official start time of their shifts and the amount of uncompensated time that each plaintiff works after the end of each of their shifts is captured on defendant's timekeeping system CityTime as "uncompensated hours" or "noncompensable hours." Therefore, much of the uncompensated time each plaintiff MVO has worked in excess of 40 hours a week can be determined through an analysis of defendant's own records.

*Failure to Compensate Plaintiffs for All Hours Worked*

16. Similar to the MVO plaintiffs identified above, each of the other MVO plaintiffs routinely work more than 40 hours in a workweek and are denied proper

5

compensation during those workweeks for work performed before the official start time of their shifts, during meal periods, and after their shifts. The precise amount of uncompensated work time each MVO plaintiff performs can also be identified through CityTime and through defendant's records.

*Shift Differential, Meal Allowance Pay and the Rate at Which Overtime is Paid*

17. When plaintiffs work in the evenings beyond their regular shift times, they are entitled to receive night shift differential pay. In calculating overtime payments for plaintiffs, defendant fails to include night shift differential pay in the regular rate of pay at which overtime is paid to MVOs.

*Late Payment of Overtime*

18. When plaintiff MVOs are paid for overtime compensation in cash, defendant delays the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours. The delay in payment is done either because the defendant's managerial staff has simply failed to transmit information purportedly necessary to payroll to pay overtime compensation to plaintiffs, or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

## COUNT I

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

19. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 in their entirety and restate them herein.

6

20. At all times material herein, during those workweeks in which the MVOs plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities without compensation before the start of their shifts and after the end of their shifts, all of which is recorded on defendant's timekeeping system CityTime. Plaintiffs also have performed work during their meal periods. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

21. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate plaintiffs for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods, and after the official end of their shifts.

22. As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment

records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

23. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

24. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

25. Plaintiffs hereby incorporate by reference paragraphs 1 through 24 in their entirety and restate them herein.

26. Section 207(e) of the FLSA, 29 U.S.C. § 207(e), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.

27. Defendant has failed to include certain premium payments, such as night shift differential pay, that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the FLSA.

28. Defendant's failure to include night shift differential pay and other forms of additional compensation in plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b). The failure to include night shift differential pay in plaintiffs' regular rates means that when plaintiffs receive paid

8

overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

29. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

30. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

31. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

32. Plaintiffs hereby incorporate by reference paragraphs 1 through 31 in their entirety and restate them herein.

33. The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the FLSA

may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying by weeks and sometimes months plaintiffs' overtime payments for working hours in excess of 40 per week, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay. Rather, these delays are due to a failure by management personnel to approve overtime payments or management's withholding of such payments until the next budgetary quarter.

34.     Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

35.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

36. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

37. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights under the Fair Labor Standards Act;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs interest on their unpaid compensation;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

*s/ Gregory K. McGillivary*
Gregory K. McGillivary
WOODLEY & McGILLIVARY, LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
gkm@wmlaborlaw.com


*s/ Hope Pordy*
Hope Pordy
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, NY 10019
Phone: (212) 765-2100
hpordy@spivaklipton.com