USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicole Lawtone-Bowles, *et al.*,<br><br>        Plaintiffs,<br><br>    –v–<br><br>City of New York,<br><br>        Defendant. | 16-CV-4240 (AJN)<br><br>MEMORANDUM AND ORDER |
| James Bookman, *et al.*,<br><br>        Plaintiffs,<br><br>    –v–<br><br>City of New York,<br><br>        Defendant. | 18-CV-4338 (AJN)<br><br>MEMORANDUM AND ORDER |

ALISON J. NATHAN, District Judge:

  Plaintiffs bring these related actions against Defendant City of New York ("the City") for violations of the Fair Labor Standard Act ("FLSA"). The parties have now cross-moved for summary judgment. For the reasons stated below, Plaintiffs' motion is GRANTED in part and DENIED in part. Defendant's motion is DENIED.

**I.  BACKGROUND**

  The following facts are drawn from the parties' statements made pursuant to Local Civil Rule 56.1 and are undisputed unless otherwise noted.

  Plaintiffs in these matters are nineteen current or former employees of the City's Department of Homeless Services ("DHS"). Plaintiffs' Response to Defendant's Local Rule

56.1 Statement of Undisputed Materials Facts ("Pl. 56.1 Resp."), Dkt. No. 109, ¶ 1.[1]  Each worked as Motor Vehicle Operators.  *Id.* ¶ 4.  The duties of a Motor Vehicle Operator include "operating passenger cars vans and trucks; transporting DHS employees and materials to and from work locations; and transporting DHS clients and their belongings to or from shelters and permanent housing."  Defendant's Response to Plaintiffs' Local Rule 56.1 Statement of Undisputed Materials Facts ("Def. 56.1 Resp."), Dkt. No. 112, ¶ 4.  Motor Vehicle Operators are scheduled for 8.5-hour shifts, which include a 30-minute unpaid meal break.  *Id.* ¶ 3.

The City uses the electronic platform CityTime as its timekeeping system.  Pl. 56.1 Resp. ¶ 6.  Time recorded on the platform outside of an employee's regular schedule for which there is no approved overtime request is deemed in CityTime to be "noncompensable."  *Id.* ¶ 55.  DHS's official policy states that "[a]ll overtime work . . . must be pre-authorized before it is worked."  *Id.* ¶ 8.  Employees cannot get paid unless they electronically certify that the timesheet in CityTime is accurate.  *Id.* ¶ 40; Def. 56.1 Resp. ¶ 133.

Plaintiffs bring a number of FLSA claims.  First, Plaintiffs allege that the City illegally failed to compensate them for overtime worked before and after their shifts, as well as during their meal periods.  Second, Plaintiffs claim that the City delayed payment for overtime work.  Third, Plaintiffs allege that when they were compensated for overtime the City would miscalculate the proper rate of pay.  Plaintiffs also seek liquidated damages and a finding of willfulness, which would entitle them to a three-year statute of limitations.  Each of these claims will be discussed in further detail below.

## II.    LEGAL STANDARD

---

[1] Docket numbers will refer to *Lawtone-Bowles* except when otherwise noted.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation marks and alterations omitted). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment should be granted to the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

It is the initial burden of the movant to present evidence on each material element of its claim or defense and demonstrate that he is entitled to relief as a matter of law. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). However, when the burden of proof at trial would fall on the non-moving party, the moving party may meet its burden by "point[ing] to a lack of evidence . . . on an essential element" of the non-moving party's claim. *Simsbury-Avon Preservation Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). There is a genuine issue of material fact if a reasonable jury could decide in the non-moving party's favor. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted).

To survive a summary judgment motion, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v.*

3

*Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In doing so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal quotation marks and citation omitted). When there are cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

### III. DISCUSSION

#### A. Unpaid Overtime Claims

In order to establish liability for unpaid overtime under the FLSA, a plaintiff must do two things. First, "a plaintiff must prove that he performed work for which he was not properly compensated." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). Second, a plaintiff must show "that the employer had actual or constructive knowledge of that work." *Id.* Both of these elements are questions of fact. *See Holzapfel v. Town of Newburgh*, 145 F.3d 516, 521 (2d Cir. 1998).

#### 1. Plaintiffs' Motion for Summary Judgment Is Denied

In their motion, Plaintiffs argue that to receive summary judgment, they do not have to show all of the unpaid overtime they worked or that Defendant had actual or constructive knowledge of all of that time, because these are "damages" questions to be resolved later on. Instead, Plaintiffs argue that they are entitled to summary judgment if they "make an adequate showing that *some amount* of uncompensated work was performed with defendants' knowledge," and their motion purports to do no more than that. Plaintiffs' Memorandum of Law in Support of Summary Judgement, Dkt. No. 101, at 13-14 (emphasis added) (quoting *Sherald v.*

4

*Embrace Techs. Inc.*, No. 11-cv-939, 2013 U.S. Dist. LEXIS 4133, at *19 n.11 (S.D.N.Y. Jan. 10, 2013)). They cite both the Second Circuit's decision in *Kuebel* and this District's decision in *Sherald* for this position. However, these opinions were discussing what was required for a plaintiff to survive summary judgment, not receive it. And neither involved a plaintiff's motion for summary judgment on a FLSA unpaid overtime claim.

*Kuebel* addressed "the extent to which [a plaintiff] must show the amount of his uncompensated work" when opposing summary judgment, particularly when the employer's records are "inaccurate" or "inadequate." *Kuebel*, 643 F.3d at 361. To answer this question, the Second Circuit looked to the Supreme Court's burden shifting framework from *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). *Anderson* dealt with the showing a plaintiff needed to make in order to prevail on a FLSA unpaid overtime claim when the employer's records are "inaccurate" or "inadequate." As the Court explained: "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Kuebel*, 643 F.3d at 362 (quoting *Anderson*, 328 U.S. at 687). If this is accomplished, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 328 U.S. at 687-88).

Based on *Anderson*, the Second Circuit held in *Kuebel* that in order to survive summary judgment, a plaintiff need only satisfy the initial burden of the *Anderson* test. *Sherald* merely restates the holding from *Kuebel*. As Judge Castel recently noted in rejecting the same, "some amount" argument made by Plaintiffs' counsel, "[t]he limited burden of the non-movant in

5

*Kuebel* is consistent with the burden customarily applied to a non-movant who bears the ultimate burden of proof at trial." *Murray v. City of New York*, No. 16-cv-8072, 2020 U.S. Dist. LEXIS 22783, at *36 (S.D.N.Y. Feb. 10, 2020). Satisfying it does not entitle Plaintiffs to summary judgment.

*Kuebel* and *Sherald* thus do not stand for the proposition that a plaintiff can receive summary judgment by making an "adequate showing" that both elements of a FLSA unpaid overtime claim are met for only some amount of work. Plaintiffs' motion for summary judgment on their unpaid overtime claims is denied.

### 2. Defendant's Motion for Summary Judgment Is Denied

In moving for summary judgment on the unpaid overtime claim, Defendant does not focus on whether Plaintiffs actually worked uncompensated overtime. Indeed, Plaintiffs' own deposition testimony on this point buttressed, by CityTime records of their "noncompensable" time, provide evidence from which a reasonable factfinder could conclude that Plaintiffs worked unpaid overtime. Defendant instead argues that there is no genuine dispute that it lacked actual or constructive knowledge of Plaintiffs' work. The Court disagrees.

The standard for employer knowledge in FLSA unpaid overtime cases is straightforward: "once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours." *Holzapfel*, 145 F.3d at 524. Plaintiffs produce extensive testimony, which if credited, could support a finding of actual or constructive knowledge of unpaid overtime work. This includes testimony from Plaintiffs that their supervisors gave them keys and assigned them work outside of their regular shifts, observed them working outside of their scheduled shifts, informed their supervisors when they could not take meal breaks, informed their supervisors when they were working overtime

6

that was not pre-approved, had requests for overtime that was not pre-approved denied, and turned in paperwork and keys to their supervisors at times past when their scheduled shift has been completed. Plaintiffs argue that their supervisors should have been aware that this overtime was uncompensated because the supervisors are responsible for pre-authorizing time sheets. They further contend that they were discouraged from submitting overtime requests that were not pre-approved, and that their supervisors should have been put on notice by the accumulation of noncompensable time in CityTime, which, as noted above, was reviewed by their supervisors. This evidence is sufficient for a reasonable factfinder to conclude that Defendant had actual or constructive knowledge of unpaid overtime. Defendant counters with evidence that CityTime records physical presence at work, not necessarily compensable work; and that it can be difficult for supervisors to monitor Plaintiffs because they are out driving and not always present at a workplace. While this evidence might be sufficient to create a genuine dispute of material fact as to Defendant's knowledge of unpaid overtime, it is not enough to entitle Defendant to summary judgment on this claim. *See Perry v. City of New York*, No. 13-cv-1015, 2018 U.S. Dist. LEXIS 49773, at \*15-\*19 (S.D.N.Y. Mar. 26, 2018).

Defendant's principal argument in favor of its summary judgment motion is that Plaintiffs failed to report the unpaid overtime, and in fact certified that the timesheets they submitted were accurate on CityTime. The City has made this argument repeatedly in FLSA overtime litigation in this District and it has been unanimously rejected. *See, e.g.*, *Murray*, 2020 U.S. Dist. LEXIS 22783, at \*41-\*42; *Perry*, 2018 U.S. Dist. LEXIS 49773, at \*16-\*17; *Lynch v. City of New York*, 291 F. Supp. 3d 537, 550-51 (S.D.N.Y. 2018); *Foster v. City of New York*, No. 14 Civ. 4142, 2017 U.S. Dist. LEXIS 227758, at \*112-\*116 (S.D.N.Y. Sept. 30, 2017); *Perez v. City of New York*, No. 12-cv-4914, 2017 U.S. Dist. LEXIS 159473, at \*58-\*63 (S.D.N.Y. Sept.

7

27, 2017). Defendant's argument would seem to violate one of the bedrock principles of FLSA overtime law in this Circuit: that "an employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable." *Kuebel*, 643 F.3d at 363. As Judge Friendly explained, the employer's obligation to pay overtime is "absolute. He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping . . . and of appropriate payment, to the employee." *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959). An employer "cannot deny compensation even where the employee fails to claim overtime hours." *Holzapfel*, 145 F.3d at 524; *see also Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008).

Defendant would limit the reach of these precedents to situations where the employees were discouraged from reporting overtime. But assuming this is correct, a reasonable factfinder could conclude that the Plaintiffs were in fact discouraged from reporting overtime. It is undisputed that it is the City's policy that all overtime must be pre-approved before it is worked. *See* Pl. 56.1 Resp. ¶ 8. Plaintiffs testified that they understood this to be the policy. The City provides evidence that its policy is to nevertheless compensate employees for overtime they reported, even if it was not pre-approved, and that this occurred on occasion for some Plaintiffs. But Plaintiffs testified that they were never made aware of nor informed that this was the real policy, and in some cases were explicitly told the opposite by their supervisors. Even if compensation for overtime that was not pre-approved was not entirely forbidden, that does not necessarily mean that a reasonable factfinder would have to conclude that reporting it was not discouraged.

A reasonable factfinder could conclude that Plaintiffs worked uncompensated overtime, that Defendant had actual or constructive knowledge of this time, and that Defendant

discouraged the reporting of accurate overtime that was not pre-approved. Defendant's motion for summary judgment on this claim is denied.

### B. Delayed Payment of Overtime Claims

The FLSA also obliges an employer to pay wages, including overtime, in a "timely fashion." *Rogers v. City of Troy*, 148 F.3d 52, 57 (2d Cir. 1998). Based on the relevant regulation, this "is generally considered to be within two pay periods." *Lynch*, 291 F. Supp. 3d at 552; *see* 9 C.F.R. § 778.106. However, "an inquiry into an employer's liability for late payment of overtime focuses not only on how often late payments were made or how late they were, but also on whether the payments were made as soon as practicable." *Conzo v. City of New York*, 667 F. Supp. 2d 279, 288 (S.D.N.Y. 2009). "[W]hat constitutes timely payment must be determined by objective standards." *Rogers*, 148 F.3d at 57.

Here, Plaintiffs submitted deposition testimony about instances when it took longer than two pay periods to receive overtime. This evidence was supplemented by a declaration from Plaintiffs' expert, Louis Lanier, finding instances in the payroll data where overtime was paid past the two-pay period standard.[2] Defendant does not dispute that some overtime was paid later than two pay periods after it was worked, but argues that these represent only a small portion of overtime payments, and that it may have been impractical to pay Plaintiffs sooner due to error on the part of Plaintiffs or some other reason. Plaintiffs did provide testimony that could be read as suggesting that they were told that the delays were due to errors or lethargy on the part of their supervisors or the City's timekeeping department. However, much of the testimony is vague and equivocal and it is unclear whether it addresses all of the late payments for which Plaintiffs seek

---

[2] Defendant objects to the admissibility of this declaration. However, it is admissible as an expert declaration under Rule 702, because it identifies Dr. Lanier's specialized knowledge, the data he is relying upon, the reliable principles and methods he has used, and how those methods have been applied to the data at issue. *See* Declaration of Louis R. Lanier, Ph.D., Dkt. No. 103-9.

to recover. Furthermore, Defendants have submitted evidence that they made timely payments over 96% of the time. Viewed in the light most favorable to Defendant, this high rate of timely payment provides circumstantial support that the untimely payments were flukes, caused by unusual issues that made faster payment "impracticable." Based on this record, a genuine dispute of fact remains on whether it would have been impracticable to pay Plaintiffs earlier. *See Worley v. City of New York*, No. 17-cv-4337, 2020 U.S. Dist. LEXIS 26398, at *84-*85 (S.D.N.Y. February 12, 2020); *Lynch*, 291 F. Supp. 3d at 552. The parties' cross-motions on this claim are both denied.

        **C.**       **Improper Calculation of the Rate of Overtime Compensation**

Plaintiffs claim that Defendant improperly calculated the rate of overtime in two ways: by failing to include night shift differentials and meal allowance payments in the base rate of pay, and by only compensating Plaintiffs at a straight rate when they elected to receive compensatory time instead of cash. Defendant does not dispute that both of these practices, if proved, would violate the FLSA.

In support of their summary judgment motion, Plaintiffs cite deposition testimony from Defendant's own 30(b)(6) witnesses admitting that Defendant failed to properly calculate the rate of overtime compensation in the manner described above. *See* Pestana Tr. 174, 178-79; Wright Tr. 224. Additionally, the declaration of Plaintiffs' expert states that he found that the rate of overtime was miscalculated in the relevant payroll data. Defendant's only answer is to note that Plaintiffs received night-shift differentials and compensatory time. But this is not responsive to Plaintiffs' argument, which is directed to the rate of overtime pay. It also does not contradict Plaintiffs' evidence in support of these claims. Accordingly, Plaintiffs' motion for summary judgment on the claims based on improper calculation of overtime pay (Count 2 of the Amended

Complaint in 16-cv-4240 and Counts 2 and 4 of the Complaint in 18-cv-4338) is granted and Defendant's is denied.  *See Lynch*, 291 F. Supp. 3d at 551-52.

### D. Liquidated Damages and Willfulness

Plaintiffs seek liquidated damages and a finding of willfulness with regard to their unpaid overtime claims.  "Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).  But "[t]he Portal-to-Portal Act . . . affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Id.* (quoting 29 U.S.C. § 260). The employer's burden in avoiding liquidated damages is "a difficult one." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999).  Furthermore, if a defendant is found to have willfully violated the FLSA, then a plaintiff is entitled to a three-year statute of limitations, instead of the default two years.  29 U.S.C. § 255(a).  "Courts in this Circuit have generally left the question of willfulness to the trier of fact." *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008).

Because Plaintiffs' motion for summary judgment is denied on the underlying unpaid overtime violations, their motion for summary judgment on liquidated damages and willfulness is also denied.  As to Defendant's motion, it fails as well.  It is undisputed that the City's chief employment lawyer was informed by the Department of Investigation that "the CityTime certification language is not accurate because employees, certain employees, especially managers, may work various hours but did not receive compensation even though they are, in fact, working."  Def. 56.1 Resp. ¶ 136.  Furthermore, as noted above, Plaintiffs have adduced evidence that their supervisors observed them working overtime and had reason to know that this

11

time was not being compensated.  Plaintiffs further accumulated substantial amounts of noncompensable time on CityTime.  Additionally, Defendant has been sued several times before regarding nearly identical allegations.  *See, e.g.*, *Lynch v. City of New York*, 291 F. Supp. 3d 537 (S.D.N.Y. 2018); *Foster v. City of New York*, No. 14 Civ. 4142, 2017 U.S. Dist. LEXIS 227758 (S.D.N.Y. Sept. 30, 2017); *Martin v. City of New York*, No. 14-cv-8950 (S.D.N.Y.).  From this evidence, a reasonable factfinder could conclude that Defendant lacked the requisite subjective good faith and objective reasonableness, and willfully violated the FLSA.  Defendants' motion for summary judgment is denied.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is granted with respect to its claims that Defendant improperly calculated the rate of overtime compensation (Count 2 of the Amended Complaint in 16-cv-4240 and Counts 2 and 4 of the Complaint in 18-cv-4338).  Plaintiffs' motion is otherwise denied.  Defendant's motion for summary judgment is denied in its entirely.

Within two weeks of the date of this order, the parties should submit a joint letter proposing trial dates for December of 2019 and January of 2020.  Their letter should also include an estimated length of trial and advise whether the parties seek referral to the S.D.N.Y.'s mediation program or to the Magistrate Judge for a settlement conference.

This resolves Dkt. Nos. 100 and 104 in 16-cv-4240, and Dkt. Nos. 46 and 50 in 18-cv-4338.

Dated:  June 1, 2020
        New York, New York

_____
ALISON J. NATHAN
United States District Judge